ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
David Vaughn, Craighead Circuit Clerk
2023-Sep-06  14:18:26
16JCV-23-1463
C02D09 : 19 Pages

IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
WESTERN DISTRICT - CIVIL DIVISION

HELEN THOMAS, SPECIAL PERSONAL              PLAINTIFF
REPRESENTATIVE OF THE ESTATE OF
TEDDY THOMAS, DECEASED

VS.                     CASE NO: _____

SHELTER MUTUAL INSURANCE                    DEFENDANTS
COMPANY, DANIEL CONRAD,
JOHN DOE 1-4

## COMPLAINT

COMES NOW Plaintiff Helen Thomas, as Special Personal Representative of the Estate of Teddy Thomas, Deceased, by and through her attorneys, McDaniel Law Firm, PLC, and for her Complaint against Defendants, Shelter Mutual Insurance Company, and Daniel Conrad (and John Doe 1-4) state:

### I.
### JURISDICTION AND VENUE

1. That Plaintiff is a resident of Jonesboro, Craighead County, Arkansas.

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

EXHIBIT A

2.That the collision out of which this cause of action accrues occurred in Jonesboro, Craighead County, Arkansas.

3.That, upon information and belief, Defendant Daniel Conrad was a resident of Paoli, Orange County, Indiana.

4.That Defendant, Shelter Mutual Insurance Company, hereinafter called "Shelter," is a corporation authorized to conduct business in the State of Arkansas with its registered agent for service listed as Corporation Service Company, 300 South Spring Street, Suite 900, 300 Spring Building, Little Rock, AR 72201.

5.That, in the alternative, the name of any unknown tortfeasor, individual person, or entity, shall be designated by the pseudo-name John Doe. Thus, in this case, John Doe 1, John Doe 2, John Doe 3 and John Doe 4; additionally, and/or in the alternative, are the names of any unknown defendants and include the true names of any insurance company providing uninsured or underinsured motorist benefits to Teddy Thomas, if the formal name of the insurance company is different than the named Defendants herein.

6.That upon determining the true identity of any current unknown tortfeasor person(s) or entity(ies), Plaintiff will amend their Complaint by substituting the real name for the pseudo-name.

7.Pursuant to A.C.A. § 16-56-125, Plaintiffs have attached the Affidavit of Plaintiff Attorney, affirming the identity of a tortfeasor(s) as unknown, as **"Exhibit A."**

8.That this Court has jurisdiction over this cause and the parties hereto, pursuant to Ark. Code Ann. § 16-13-201.

9.That venue of this action is properly placed with this Court, pursuant to Ark. Code Ann. § 16-60-101.

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

## II.
## FACTS

10. That on or about January 16, 2021, Plaintiff Helen Thomas was operating a 2015 GMC Terrain, traveling east on Phillips Drive, in Jonesboro, Arkansas.

11. That her husband, Teddy Thomas, was a passenger in the vehicle operated by Helen Thomas, sitting in the front passenger seat.

12. At the time of the occurrence, Defendant Daniel Conrad was operating a 1991 Nissan pickup truck, traveling south on Gilmore Drive, approaching its intersection with Phillips Drive, in Jonesboro, Arkansas.

13. That the intersection of Gilmore Drive and Phillips Drive is controlled by two stop signs on either side of Gilmore Drive, instructing the drivers on Gilmore to stop for traffic on Phillips Drive.

14. That as Helen Thomas was proceeding on Phillips Drive, Defendant Daniel Conrad ran a stop sign on Gilmore Drive, causing his vehicle to collide with Plaintiff's vehicle with extreme force.

15. That the front passenger side of the Defendant's vehicle struck the front driver's side of Plaintiff Helen Thomas's vehicle, which was also occupied by Teddy Thomas (deceased), resulting in severe and immobilizing damage to both vehicles.

16. That the airbags of the Plaintiff Helen Thomas's vehicle deployed upon impact and her vehicle was forced off of Phillips Drive due to the force of the impact.

17. That the front passenger area of Defendant's vehicle struck the front driver's side of the Plaintiff's vehicle with extreme force, resulting in extensive property damage to both vehicles.

18. That Defendant Daniel Conrad ran a stop sign on Gilmore Drive, resulting in a severe collision with Plaintiff Helen Thomas and Teddy Thomas (deceased).

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

19. As a proximate result of Defendant Daniel Conrad's actions Teddy Thomas (deceased) sustained severe injuries, which ultimately resulted in his death, and are more specifically described herein.

20. That Defendant Daniel Conrad was an uninsured motorist at the time of the collision. (**Exhibit B.**)

21. That Defendant Daniel Conrad had no applicable car insurance and therefore, there is not sufficient insurance to fully compensate the Estate of Teddy Thomas for personal injuries, wrongful death, and other damages sustained as a result of the automobile accident which occurred on January 16, 2021.

22. That as a result of the injuries sustained in the collision, Teddy Thomas (deceased) passed away on April 10, 2021.

23. That Defendant Shelter issued its policy of insurance coverage, Policy No. 03-1-2955974-13, providing liability, uninsured motorist, underinsured motorist, and other insurance protections for the benefit of Plaintiff Teddy Thomas and that said policy was in full force and effect on the date of an automobile accident on January 16, 2021, in which Plaintiff Teddy Thomas was injured.

24. A copy of said policy is attached hereto, marked as "**Exhibit C,**" and incorporated by reference herein.

25. A copy of the declarations page is attached hereto, marked as "**Exhibit C,**" and incorporated by reference herein.

26. That the policy of insurance issued by Shelter provided coverage, among other benefits, to Teddy Thomas (deceased) for protection against an uninsured motorist with coverage

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

provided in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00) per individual.

27. That the policy of insurance issued by Shelter provided coverage, among other benefits, to Teddy Thomas (deceased) for protection against an uninsured motorist with coverage provided in the amount of Five Hundred Thousand Dollars ($500,000.00) per occurrence.

28. That the subject collision was the fault of Defendant Daniel Conrad, an uninsured driver.

29. That Plaintiff Helen Thomas, on behalf of the Estate of Teddy Thomas, has complied with all terms and/or policy provisions and has made claim for uninsured motorist protection on behalf of the estate of Teddy Thomas for injuries, wrongful death, and damages suffered in the subject collision, and that Shelter has failed and/or refused to pay appropriate compensation after reasonable and proper demand therefor.

30. That Plaintiff Helen Thomas and Teddy Thomas (deceased) were free of negligence or fault.

### III.
### COUNT 1 – Negligence

31. All of the allegations previously stated herein are re-alleged as though stated word-for-word.

32. That Defendant Daniel Conrad, an uninsured driver, owed a duty to all drivers on the road, including the Plaintiff and Teddy Thomas (deceased), to exercise ordinary care and operate his vehicle in a reasonably careful manner, which he failed to do.

33. That at the time of the collision, Defendant Daniel Conrad, an uninsured driver, committed acts and omissions constituting negligence which were a proximate cause of the

McDANIEL
LAW FIRM, PLC
400 South Main
JNESBORO, AR 72401
(870) 336-4747
Fax (870) 932-0919

injuries and damages sustained by Teddy Thomas (deceased); specific acts and omissions include, but are not limited to, the following:

    a) Failing to maintain a proper lookout under the circumstances then and there existing;

    b) Failing to maintain proper control of his vehicle for the circumstances then and there existing;

    c) Failing to operate his vehicle in a safe and reasonable manner under the circumstances then and there existing;

    d) Failing to maintain a safe and reasonable speed under the circumstances then and there existing;

    e) Failing to obey traffic control devices, i.e., running a stop sign;

    f) Failing to yield; and,

    g) Otherwise failing to exercise ordinary care under the circumstances.

34. That Defendant Daniel Conrad's negligence was the proximate cause of Teddy Thomas' damages, injuries, and wrongful death.

35. That Daniel Conrad had no applicable car insurance and therefore, there is not sufficient insurance to fully compensate the Estate of Teddy Thomas for his personal injuries and damages sustained as a result of the automobile accident which occurred on January 16, 2021.

### COUNT 2 – Breach of Contract

36. All of the allegations previously stated herein are re-alleged as though stated word-for-word.

37. That at the time of the collision, Defendant Daniel Conrad was an uninsured motorist, and he committed acts and omissions constituting negligence which were a proximate cause of the injuries, wrongful death, and damages sustained by Teddy Thomas (deceased).

38. That Defendant, Shelter, issued its policy of insurance coverage, Policy No.03-1-2955974-13, providing liability and other insurance protections for the benefit of Plaintiff Teddy Thomas and that said policy was in full force and effect on the date of an automobile accident on January 16, 2021, in which Teddy Thomas was injured. A copy of said policy is attached hereto, marked as "**Exhibit C**," and incorporated by reference herein.

39. That Plaintiff Teddy Thomas has complied with all terms and policy provisions and has made claim within the policy limits of Two Hundred and Fifty Thousand Dollars ($250,000.00) of uninsured motorist protection for injuries and damages suffered in the subject collision, and that Shelter has failed and/or refused to pay after reasonable and proper demand therefor.

40. That Daniel Conrad had no applicable car insurance for the subject vehicle during the subject occurrence, and therefore, there is not sufficient insurance to fully compensate Plaintiff Helen Thomas, on behalf of the Estate of Teddy Thomas, for personal injuries, wrongful death, and damages sustained as a result of the automobile accident which occurred on January 16, 2021.

41. In addition to and/or in the alternative, to the extent that there is a judicial determination that Defendant Daniel Conrad had applicable liability car insurance coverage for the subject occurrence, said coverage is insufficient to fully compensate Plaintiff Teddy Thomas for his personal injuries and damages sustained as a result of the automobile accident which occurred on January 16, 2021, and would require the underinsured motorist benefits provided by Shelter's policy of coverage, as evidenced by "**Exhibit C.**"

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

## IV.
## DAMAGES

42. That as a proximate result of the negligence of Defendant Daniel Conrad (and/or John Doe), Teddy Thomas (deceased) sustained injuries to his person, including, but not limited to, his shoulder, neck, back, head, lacerations, fractured ribs, and a fractured femur.

43. As a result of these injuries, Teddy Thomas passed away on April 10, 2021. Plaintiff Teddy Thomas endured pain, suffering, discomfort, and mental anguish; incurred expenses for hospital and medical care and treatment; his injuries were permanent in nature; and, for all of which Helen Thomas, Special Personal Representative of the Estate of Teddy Thomas, Deceased, should have and recover judgment from and against Defendant, Shelter, in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), its uninsured motorist limits, plus a twelve percent (12%) penalty, plus interest, plus a reasonable attorney's fee in an amount to be set by the Court.

44. In addition to and/or in the alternative, Helen Thomas, Special Personal Representative of the Estate of Teddy Thomas, Deceased, should have and recover judgment from and against Defendant Daniel Conrad (and/or John Doe) in an amount in excess of the minimum required for federal court diversity jurisdiction for the above enumerated damages, injuries, and wrongful death.

45. That in addition and/or in the alternative to those matters set forth above, Defendant Daniel Conrad (or John Doe) is an "uninsured motorist" as set forth within Plaintiff's Shelter policy and Plaintiff seeks all benefits recoverable under the previously referenced policy in accordance therewith.

46. That Plaintiff Helen Thomas, Special Personal Representative of the Estate of Teddy Thomas, Deceased, demands a trial by jury.

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

47. That Plaintiff Helen Thomas, Special Personal Representative of the Estate of Teddy Thomas, Deceased, reserves the right to amend and plead further in this cause.

WHEREFORE, Plaintiff Helen Thomas, Special Personal Representative of the Estate of Teddy Thomas, Deceased, prays that she have and recover judgment from and against Defendant Shelter Mutual Insurance Company, in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), which represents its uninsured motorist limits, plus a twelve percent (12%) penalty, plus interest, plus attorney's fees; as well as against Defendant Daniel Conrad (and/or John Doe ) in an amount in excess of the minimum required for federal court diversity of citizenship and for any and all other relief to which they may be entitled.

DATED this 6 day of September 2023.

Respectfully submitted,

McDANIEL LAW FIRM, PLC
Attorneys at Law
400 South Main
Jonesboro, AR 72401
Phone: (870) 336-4747
Fax: (870) 932-0919
Email: jp@mcdaniellawyers.com

By: _____
Jordan "JP" Phillips
AR Bar No. 2015155

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919